UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLOS ACOSTA, MARIA ACOSTA, :
TOVA ETTINGER, IRVING FRANKLIN :
(on his own behalf and as :
administrator of the estate of the :
late Irma Franklin), :
BARUCH KAHANE, LIBBY KAHANE (on :
her own behalf and :
as administrator of the estate :
of the late Meir Kahane), ETHEL J. :
GRIFFIN (as administrator of the :
estate of the late Binyamin :
Kahane), NORMAN KAHANE (on his own :
behalf and as executor of the :
estate of the late Sonia Kahane), :
and CIPPORAH KAPLAN, :
 :
        :   C.A. No. 1:06cv00745-RCL
  Plaintiffs, :
 :
    v. :
 :
THE ISLAMIC REPUBLIC OF IRAN :
Ministry of Foreign Affairs :
Khomeini Avenue :
United Nations Street :
Tehran, Iran, :
 :
   and :
 :
THE IRANIAN MINISTRY OF :
INFORMATION AND SECURITY :
Pasdaran Avenue :
Golestan Yekom :
Tehran, Iran :
 :
  Defendants. :

## COMPLAINT

Plaintiffs Carlos Acosta, Maria Acosta, Tova Ettinger,

Irving Franklin (on his own behalf and as administrator of the

late Irma Franklin's estate), Baruch Kahane, Libby Kahane (on her

own behalf and as administrator of the late Meir Kahane's

estate), Ethel J. Griffin (as representative of the late Binyamin

Kahane's estate), Norman Kahane (on his own behalf and as executor of the estate of the late Sonia Kahane), and Cipporah Kaplan bring this action against Defendants for damages arising from the extrajudicial killing of the late Meir Kahane with claims under the Flatow Amendment to the Federal Sovereign Immunity Act and under New York state law.

## PARTIES

1.    Plaintiff Carlos Acosta is a citizen and national of the United States and a domiciliary of New York state.

2.    Plaintiff Maria Acosta is the wife of Plaintiff Carlos Acosta, is a citizen and national of the United States, and is a domiciliary of New York state.

3.    Plaintiff Irving Franklin is a citizen and national of the United States, is a domiciliary of New York state, and is estate administrator for his late wife, Irma Franklin, who was herself a United States citizen and national and a domiciliary of New York state.

4.    Plaintiff Libby Kahane is a citizen and national of the United States, is a domiciliary of New York state, and is the late Meir Kahane's widow and estate administrator.

5.    Plaintiff Tova Ettinger is a daughter of the late Meir Kahane, is a citizen and national of the United States, and is a domiciliary of New York state.

6.    Plaintiff Baruch Kahane is a son of the late Meir

2

Kahane, is a citizen and national of the United States, and is a domiciliary of New York state.

7.    Plaintiff Ethel J. Griffin is a citizen and national of the United States, is a domiciliary of New York state, and is administrator of the estate of the late Binyamin Kahane.

8.    Plaintiff Norman Kahane is the brother of the late Meir Kahane, is a citizen and national of the United States, is a domiciliary of New York state, and is executor of the estate of his mother, the late Sonya Kahane.

9.    Plaintiff Cipporah Kaplan is a daughter of the late Meir Kahane, is a citizen and national of the United States, and is a domiciliary of New York state.

10.    Defendant The Islamic Republic of Iran ("Iran") is a foreign state that has since on or about January 19, 1984 been designated a state sponsor of terrorism under Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)).

11.    Defendant The Iranian Ministry of Information and Security ("MOIS") is an intelligence service utilized by Defendant Iran to execute terrorism policy and support.

**JURISDICTION AND VENUE**

12.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1330(a), 1331, and 1605(a)(7).

13.    This Court has personal jurisdiction over Defendant under 28 U.S.C. §§ 1330(b), 1605(a)(7) and 1608.

14.  Venue lies in this Court under 28 U.S.C. § 1391(f)(4).

## STATEMENT OF FACTS

15.  El Sayyid Nosair ("Nosair"), an Egyptian citizen, has over a number of years played a key and leadership role in Gam'aa Islamiyah (the "Islamic Group"), a terrorist organization vehemently hostile to the United States and Israel.

16.  On November 5, 1990, the late Meir Kahane, a former Israeli Parliament member and a founder of the Jewish Defense League, delivered a speech in New York City at a Marriot East Side Hotel ballroom.  Nosair and other members of the Islamic Group attended the event.

17.  As Meir Kahane spoke with listeners after the speech, Nosair approached with a pistol and fired twice, wounding Meir Kahane in the neck and chest.  The wounds were quickly though not immediately fatal.

18.  As Nosair fled the scene through the rear ballroom door, Plaintiff Irving Franklin grabbed him in an effort to impede his escape.  Nosair thereupon shot him in the leg and ran off as Plaintiff Irving Franklin fell to the floor.

19.  Outside the hotel, Plaintiff Carlos Acosta, a uniformed United States postal policeman, observed Nosair running with gun in hand.  As Plaintiff Carlos Acosta drew his own weapon and began to identify himself, Nosair fired two shots at him.  The first hit his chest and was deflected by a bulletproof vest into

and through his shoulder.  The second barely missed his head.

20.  Plaintiff Carlos Acosta nevertheless returned fire, wounding Nosair in the neck, whereupon Nosair fell to the ground and dropped his weapon.  Plaintiff Carlos Acosta recovered the gun and detained Nosair until additional law enforcement personnel arrived.

21.  Detained for treatment at Bellevue Hospital after the events described above, Nosair told a doctor that murdering Meir Kahane had been his "duty."  He later tape recorded a message for the Islamic Group, stating:

> God the Almighty . . . will facilitate for the believers to penetrate the lines no matter how strong they are, and the greatest proof of that [is] what happened in New York.  God the Almighty enabled His extremely brave people, with His great power, to destroy one of the top infidels.  They were preparing him to dominate, to be the Prime Minister some day.

22.  Nosair is currently serving time for federal crimes charged in connection with the events described above, including seditious conspiracy, the murder of Meir Kahane and the attempted murders of Plaintiffs Carlos Acosta and Irving Franklin in furtherance of a racketeering enterprise, the attempted murder of a federal officer (Plaintiff Carlos Acosta), and possession of a firearm with an obliterated serial number.

23.  Meir Kahane's murder was an act of "extrajudicial killing" under 28 U.S.C. § 1605(a)(7).  Nosair carried it out with support and assistance from the Islamic Group, which through

5

him through him therefore helped cause Meir Kahane's extrajudicial killing.

24.  Defendants each provided material support and substantial assistance to the Islamic Group in the extrajudicial killing of Meir Kahane.  Acting within the scope of their agency, office or employment, each defendant's agents, officials, and/or employees provided material support and substantial assistance to the Islamic Group in the extrajudicial killing of Meir Kahane. Similar conduct by United States agents, officials, or employees would be actionable if carried out within the United States.

25.  While planning and perpetrating the extrajudicial killing of Meir Kahane, Nosair and the Islamic Group were agents of both defendants acting within the scope of their agency. Moreover, Defendant MOIS was at all pertinent times an agent of Defendant Iran acting within the scope of its agency.  Through the Islamic Group, each defendant knowingly and by agreement with Nosair and other members and co-conspirators provided substantial assistance in planning and perpetrating Meir Kahane's murder, which was a foreseeable consequence of the agreement and assistance provided by each defendant, as were the gunshot attacks on Plaintiffs Franklin and Carlos Acosta.

26.  Plaintiffs Carlos Acosta and Irving Franklin have suffered and continue to suffer serious bodily and emotional injury from their wounds and attempted murders at Nosair's hands.

6

Other Plaintiffs or the estates represented by them have sustained pecuniary damages and/or have standing to asert emotional damages arising from the events described above.  All injuries sustained by Plaintiffs as described herein were caused by the extra-judicial killing of Meir Kahane.  By virtue of their respective actions in this regard, Defendants are each jointly and severally liable for such harm.

## COUNT I
## FLATOW AMENDMENT (Defendant MOIS)

27.  Paragraphs 1 through 26 above are incorporated as if set forth here.

28.  By virtue of having sustained personal injuries caused by the extrajudicial killing of Meir Kahane as described above, Plaintiffs may recover damages authorized by 28 U.S.C. § 1605 note (the "Flatow Amendment") from Defendant MOIS.

## COUNT II
## WRONGFUL DEATH OF MEIR KAHANE (CONSPIRACY; AIDING AND ABETTING)

29.  Paragraphs 1 through 28 above are incorporated as if set forth here.

30.  Each defendant's knowing and substantial assistance, having helped cause Meir Kahane's wrongful death by extrajudicial killing as described above, would have made it liable to Meir Kahane for harmful and offensive contact by gunshot had he not died.

31.  Plaintiffs Libby Kahane, Tova Ettinger, Baruche Kahane,

7

and Cipporah Kaplan are "distributees" of Meir Kahane's estate
under N.Y. Est. Powers & Trusts Law § 4-1.1 (2005).  The late
Binyamin Kahane was prior to his death also a "distributee" of
Meir Kahane's death under that provision.  As a foreseeable
consequence of each defendant's material support and knowing and
substantial assistance in Meir Kahane's wrongful death by
extrajudicial killing, these distributees have suffered pecuniary
damage, including loss of accretions to Meir Kahane's estate,
loss of assistance, and funeral expenses.  Such damages are
recoverable from Defendants by Libby Kahane as administrator of
Meir Kahane's estate under N.Y. Est. Powers & Trusts Law §§ 5-
4.1(1) and 5-4.3 (2005).

### COUNT III
### SURVIVORSHIP: MEIR KAHANE'S CONSCIOUS PAIN AND SUFFERING (CONSPIRACY; AIDING AND ABETTING); DERIVATIVE CLAIM FOR LOSS OF CONSORTIUM

32.  Paragraphs 1 through 31 above are incorporated as if
set forth here.

33.  Each defendant's knowing and substantial assistance
caused the attack on Meir Kahane as described above.  As a
foreseeable consequence of each defendant's acts in this respect,
Meir Kahane consciously suffered extreme bodily pain between the
time of his wounding and the time of his death, entitling Libby
Kahane as his personal representative to damages under N.Y. Est.
Powers & Trusts Law § 11-3.2(b)(2005).  Also as a foreseeable
consequence of each defendant's acts in this respect, Plaintiff

Libby Kahane suffered loss of her husband's companionship between the time of his wounding and the time of his death.  Damages therefor are recoverable under New York common law.

**COUNT IV**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**THROUGH THE EXTRAJUDICIAL KILLING OF MEIR KAHANE (CONSPIRACY;**
**AIDING AND ABETTING); RELATED SURVIVORSHIP CLAIMS**

34.  Paragraphs 1 through 33 above are incorporated as if set forth here.

35.  Defendant's knowing and substantial assistance caused the extrajudicial killing of Meir Kahane as described above. Defendant's participation in this extrajudicial killing was outrageous and was intended to inflict severe emotional distress on Meir Kahane's immediate family members.

36.  As an intended, proximate and foreseeable consequence of the extrajudicial killing of Meir Kahane, Plaintiffs Libby Kahane, Baruch Kahane, Norman Kahane, Tova Ettinger and Cipporah Kaplan have all suffered severe emotional distress.  Each of them is entitled to relief therefor under New York common law.  As an intended, proximate and foreseeable consequence of the extrajudicial killing of Meir Kahane, the late Binyamin Kahane and Sonia Kahane also each suffered severe emotional distress. Their respective estates are entitled to relief therefor under New York common law and N.Y. Est. Powers & Trusts Law § 11-3.2(b)(2005).

9

**COUNT V**
**BATTERY OF PLAINTIFF FRANKLIN (CONSPIRACY; AIDING AND ABETTING);**
**DERIVATIVE SURVIVORSHIP CLAIM FOR LOSS OF CONSORTIUM**

37.   Paragraphs 1 through 36 above are incorporated as if set forth here.

38.   Each Defendant's knowing and substantial assistance helped cause the extrajudicial killing of Meir Kahane.  As a foreseeable consequence of that killing and of each Defendant's assistance in it, Plaintiff Franklin Irving Franklin sustained an intentional, harmful and offensive contact.  As a further foreseeable consequence, he sustained lost wages, medical expenses, severe pain and suffering, and severe emotional distress.  He is entitled to relief therefor under New York common law.

39.   As a further foreseeable consequence, the late Irma Franklin sustained loss of her husband's companionship and services.  This loss would have entitled her to relief under New York common law had she not since died and it therefore entitles Plaintiff Irving Franklin as her estate administrator to damages under N.Y. Est. Powers & Trusts Law § 11-3.2(b).

**COUNT VI**
**ASSAULT ON PLAINTIFF FRANKLIN (CONSPIRACY; AIDING AND ABETTING);**
**DERIVATIVE SURVIVORSHIP CLAIM FOR LOSS OF CONSORTIUM**

40.   Paragraphs 1 through 39 above are incorporated as if set forth here.

41.   Each defendant's knowing and substantial assistance

10

helped cause the extrajudicial killing of Meir Kahane.  As a foreseeable consequence of that killing and of each defendant's assistance in it, Plaintiff Franklin sustained apprehension of imminent harmful and offensive contact by gunshot.  As a further foreseeable consequence, Plaintiff Franklin suffered severe emotional distress both at the time of the events described above and later.  He is entitled to relief therefor under New York common law.

42.  As a further foreseeable consequence, the late Irma Franklin suffered loss of her husband's companionship and services.  This loss would have entitled her to relief under New York common law had she not since died and it therefore entitles Plaintiff Franklin as her estate administrator to damages under N.Y. Est. Powers & Trusts Law § 11-3.2(b).

**COUNT VII**
**INTENTIONAL INFLICTION OF**
**EMOTIONAL DISTRESS WITH RESPECT TO PLAINTIFF FRANKLIN**
**(CONSPIRACY; AIDING AND ABETTING); DERIVATIVE SURVIVORSHIP CLAIM**
**FOR LOSS OF CONSORTIUM**

43.  Paragraphs 1 through 42 above are incorporated as if set forth here.

44.  Each defendant's knowing and substantial assistance helped cause the extrajudicial killing of Meir Kahane.  It also helped cause Nosair's foreseeable attempted murder of Plaintiff Irving Franklin.  Each defendant's acts in this respect were outrageous and were intended to inflict or were in reckless

disregard of inflicting the severe emotional distress they visited upon Plaintiff Irving Franklin.  Plaintiff Franklin is entitled to relief therefor under New York common law.

45.  As a foreseeable consequence of each defendant's acts in this respect, Irma Franklin suffered loss of her husband's companionship and services.  This loss would have entitled her to relief under New York common law had she not since died and therefore entitles Plaintiff Franklin as her estate administrator to damages under N.Y. Est. Powers & Trusts Law § 11-3.2(b).

## COUNT VIII
### BATTERY OF PLAINTIFF CARLOS ACOSTA (CONSPIRACY; AIDING AND ABETTING); DERIVATIVE CLAIM FOR LOSS OF CONSORTIUM

46.  Paragraphs 1 through 45 above are incorporated as if set forth here.

47.  Each defendant's knowing and substantial assistance helped cause the extrajudicial killing of Meir Kahane.  As a foreseeable consequence of that extrajudicial killing and of each defendant's substantial assistance, Plaintiff Carlos Acosta sustained an intentional, harmful and offensive contact by gunshot.  As a further foreseeable consequence, Plaintiff Carlos Acosta has sustained lost wages, medical expenses, severe pain and suffering, and severe emotional distress.  He is entitled to relief therefor under New York common law.

48.  As a further foreseeable consequence, Plaintiff Maria Acosta has suffered loss of her husband's companionship and

services.  She is entitled to relief therefor under New York common law.

## COUNT IX
### ASSAULT ON PLAINTIFF CARLOS ACOSTA (CONSPIRACY; AIDING AND ABETTING); DERIVATIVE CLAIM FOR LOSS OF CONSORTIUM

49.  Paragraphs 1 through 48 above are incorporated as if set forth here.

50.  Each defendant's knowing and substantial assistance helped cause the extrajudicial killing of Meir Kahane.  As a foreseeable consequence of that killing and of each defendant's substantial assistance, Plaintiff Carlos Acosta sustained apprehension of imminent harmful and offensive contact by gunshot and severe emotional distress both then and later.  He is entitled to relief therefor under New York common law.

51.  As a further foreseeable consequence, Plaintiff Maria Acosta has suffered loss of her husband's companionship and services.  She is entitled to relief therefor under New York common law.

## COUNT X
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS WITH RESPECT TO PLAINTIFF CARLOS ACOSTA (CONSPIRACY; AIDING AND ABETTING); DERIVATIVE CLAIM FOR LOSS OF CONSORTIUM

52.  Paragraphs 1 through 51 above are incorporated as if set forth here.

53.  Each defendant's knowing and substantial assistance helped cause the extrajudicial killing of Meir Kahane and the

subsequent gunshot attack on Plaintiff Carlos Acosta.  Each
defendant's acts in this respect were outrageous and intended to
cause or in reckless disregard of causing the severe emotional
distress they foreseeably visited upon Plaintiff Carlos Acosta.
He is entitled to relief therefor under New York common law.

54.  As a foreseeable consequence of each defendant's acts
in this respect, Plaintiff Maria Acosta suffered loss of her
husband's companionship and services.  She is entitled to relief
therefor under New York common law.

## PRAYER FOR RELIEF

Plaintiffs demand judgment against defendants as follows
along with reasonable costs, expenses and attorneys' fees and
such further relief as the Court deems just and proper:
a) to Plaintiff Libby Kahane as administrator of Meir Kahane's
estate, TEN MILLION DOLLARS ($10,000,000) apiece for pecuniary
damages to estate distributees, including herself, Baruch Kahane,
Tova Ettinger, Cipporah Kaplan, and the late Binyamin Kahane;
b) to Plaintiff Libby Kahane as administrator of Meir Kahane's
estate, TEN MILLION DOLLARS ($10,000,000) for Meir Kahane's
conscious pain and suffering between the time of his wounding and
the time of his death as described above;
c) to Plaintiff Libby Kahane in her own behalf TEN MILLION
DOLLARS ($10,000,000) for loss of consortium between the time of
her husband's wounding and the time of his death as described

14

above;

d) to Plaintiff Ehtel J. Griffin on behalf of the late Binyamin Kahane's estate TEN MILLION DOLLARS ($10,000,000)for severe emotional distress and solatium;

e) to Plaintiff Norman Kahane TEN MILLION DOLLARS($10,000,000)for severe emotional distress and solatium;

f) to Plaintiff Norman Kahane on behalf of the estate of the late Sonia Kahane TEN MILLION DOLLARS ($10,000,000)for severe emotional distress and solatium;

g) to Plaintiff Baruch Kahane TEN MILLION DOLLARS($10,000,000)for severe emotional distress and solatium;

h) to Plaintiff Tova Ettinger TEN MILLION DOLLARS($10,000,000)for severe emotional distress and solatium;

i) to Plaintiff Cipporah Kaplan TEN MILLION DOLLARS($10,000,000) for severe emotional distress and solatium;

j) to Plaintiff Irving Franklin on his own behalf TWENTY MILLION DOLLARS ($20,000,000) for lost wages, medical expenses, pain and suffering, and severe emotional distress;

k) to Plaintiff Irving Franklin on behalf of the late Irma Franklin's estate TEN MILLION DOLLARS ($10,000,000)for loss of consortium;

l) to Plaintiff Carlos Acosta TWENTY MILLION DOLLARS($20,000,000) for lost wages, medical expenses, pain and suffering, and severe emotional distress;

m) to Plaintiff Maria Acosta TEN MILLION DOLLARS($10,000,000) for

loss of consortium;

Plaintiffs further demand THREE HUNDRED MILLION DOLLARS

($300,000,000) in punitive damages against Defendant MOIS.

Respectfully submitted,

_____/s/_____
Barry L. Leibowitz, Esquire
Bar No. 158949
LEIBOWITZ, BAND & JEZIC
2730 University Boulevard West
Suite 910
Wheaton, MD 20902
(301) 942-8378

Attorney for Plaintiffs