```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

CARLOS ACOSTA, et. al.              :
                                    :
Plaintiffs,                         :
                                    :
    v.                              :   Civil Action No. 1:06CV00745
                                    :   Judge Royce C. Lamberth
THE ISLAMIC REPUBLIC OF IRAN,       :
et al.                              :
                                    :
Defendants.                         :
```

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT, AND FOR THE
COURT TO NOTICE DEFENDANTS OF ENTRY OF DEFAULT AND RELATED MATTERS**

Comes now, Plaintiffs, Carlos Acosta, et. al., by and through counsel, Barry L. Leibowitz, Leibowitz, Band & Jezic, LLC, in light of the status conference scheduled for October 10, 2007, for the reasons enumerated in the accompanying Memorandum in support of this Motion, hereby moves:

1. Pursuant to 28 U.S.C. § 1608(d), for the entry of default against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security (MOIS);

2. In furtherance of the requirements of 28 U.S.C. § 1608(e), for an *ex parte* briefing schedule on dispositive issues of law so that a default judgment may be subsequently entered;

3. In furtherance of the requirements of 28 U.S.C. § 1608(e), for the status conference scheduled for October 10, 2007 to discuss protocols for the *ex parte* proof of facts so that a default judgment may be subsequently entered; and

4. For the Court to notice Defendants of the entry of default and related matters by Ordering the Clerk's Office to cause a copy of the Court's Order to be translated into Farsi and to be transmitted to the Department of State for diplomatic service upon Defendants.

Date: _10/09/07_____                    Respectfully submitted,


                                                              ____/s/_____  
                                                              Barry L. Leibowitz, Esquire  
                                                              Bar No. 158949  
                                                              Leibowitz, Band & Jezic, LLC  
                                                              2730 University Boulevard West  
                                                              Suite 910  
                                                              Wheaton, MD 20902  
                                                              (301) 942-8378

                                                              Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS ACOSTA, et. al. : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 1:06CV00745 |
| : | Judge Royce C. Lamberth |
| THE ISLAMIC REPUBLIC OF IRAN, : | |
| et. al. : | |
| : | |
| Defendants. : | |

**MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT, AND FOR
THE COURT TO NOTICE DEFENDANTS OF ENTRY OF DEFAULT AND RELATED MATTERS**

The current facts of this case render an entry of default appropriate. This case is an action for wrongful death and related causes of action arising from an act of terrorism for which Defendants are alleged to be responsible jointly and severally. The Foreign Sovereign Immunities Act of 1976, as amended, 28 U.S.C. §§ 1602-1611 et seq., controls jurisdiction over Defendants as well as certain procedural and quasi-procedural matters. See Argentine Republic v. Amerda Hess Shipping Corp. 488 U.S. 428 (1989). Included in these procedures are requirements for service of process, time for Defendants to respond, entry of default judgments, and execution of judgments.

I.  **SERVICE OF PROCESS IN ACCORDANCE WITH 28 U.S.C. §1608(A) HAS BEEN EFFECTUATED.**

In February 2007, the Department of State determined that the statutory prerequisites to service of process in accordance with 28 U.S.C. §1608(a)(4) had been satisfied and initiated service of process upon both Defendants through diplomatic channels. The Department of State has informed counsel for Plaintiff that the Swiss Government, which in the absence of diplomatic relations represents U.S. interests in the Islamic Republic of Iran, effectuated service of

process on April 22, 2007. See attached letter from United States Department of State dated June 18, 2007.

**II.    ENTRY OF DEFAULT IS PROPER AS MORE THAN 60 DAYS HAVE ELAPSED SINCE SERVICE OF PROCESS IN ACCORDANCE WITH 28 U.S.C. §1608(A)(4) WAS EFFECTUATED.**

Under the FSIA, "a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section." 28 U.S.C. §1608(d). More than sixty days have now elapsed since the Swiss Embassy, acting as the Protecting Power at the request of the United States Department of State, transmitted the Complaint, Summons, Notice of Suit, and related documents to the Foreign Ministry of the Islamic Republic of Iran on April 22, 2007. Defendants have not served responsive pleadings, have not entered an appearance, nor have they communicated with counsel for Plaintiff.

As one or more of the Defendants have actual knowledge that a legal proceeding is pending against them and have, jointly or severally, engaged in contumacious conduct regarding service of process, entry of default against the Defendants is appropriate under FSIA §1608(d) and Fed. R. Civ. P. 55(a).

**III.    UNDER THE FSIA, PLAINTIFF MUST STILL MAKE OUT HIS CASE AGAINST DEFENDANTS BEFORE THE JUDGMENT MAY BE ENTERED.**

The entry of default against a foreign state Defendant does not automatically entitle the Plaintiff to a judgment by default. The FSIA provides that "[n]o judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. §1608(e). As with other sections of the FSIA, this provision parallels the treatment afforded to the Government of the United States under the Federal Rules

of Civil Procedure.  See, e.g., Fed. R. Civ. P. 55(e).

First, Plaintiff must establish that the Court has jurisdiction over the action.  Once the Court's jurisdiction has been established, the proceedings turn to evidence demonstrating Defendant's liability and Plaintiff's quantum of damages.  The Court is not required to weigh conflicting evidence; so long as the evidence presented by Plaintiff is satisfactory to the Court as to each element of the claim, the Court may enter a default judgment upon that evidence alone. Compania Inter-Americana Expert-Import S.A. v. Compania Dominicana de Avacion, 88 F.3d 948 (11th Cir. 1996).

### A.   AN EX PARTE BRIEFING SCHEDULE SHOULD BE FIXED FOR DISPOSITIVE ISSUES OF LAW AND RELATED PROCEDURAL MATTERS.

At this time, Plaintiff seeks the entry of an Order setting an ex parte briefing schedule for dispositive issues of law to be coordinated with the Plaintiffs' presentation of ex parte proof.  In this matter, at a minimum, Plaintiff plans to brief the exception to foreign sovereign immunity which established subject matter jurisdiction over his claims against Defendants under 28 U.S.C. §1605(a)(7). In order to establish that the Defendants are subject to suit under §1605(a)(7), Plaintiff will show that (1) the Defendants were designated by the Department of State as a "state sponsor of terrorism"; (2) Plaintiff was a U.S. national at the time the acts took place; and (3) Defendants engaged in conduct that falls within the ambit of the statute.  Heiser v. Islamic Republic of Iran, 466 F.Supp.2d 229, 305 (D.D.C. Dec. 22, 2006).

Foreign states have demonstrated an inclination to challenge default judgments when Plaintiff seeks execution of the judgment.  See Sales v. Republic of Urgana, 828 F. Supp. 1032 (S.D.N.Y. 1993) (remarking on similar behavior as in Foxworth v. Permanent Mission of the Republic of Uganda to the United Nations,

796 F. Supp. 761, 762 (S.D.N.Y. 1992) where "[e]vidently, the attachment of its bank account convinced defendant that plaintiff's claim and the proceedings before this Court warranted its attention." Federal Rule of Civil Procedure 60(b) provides for relief from a judgment, inter alia when it is void or when there is evidence of extraordinary circumstances, extreme hardship, or injustice.  Fed. R. Civ. P. 60(b)(4), (6).

Default judgments against foreign state Defendants are most often challenged as a void for lack of subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act, although some Court have considered circumstances such as unfamiliarity with litigation in the United States, or a "claimed belief in immunity." See, respectively, Meadows v. Dominican Republic, 817 F.2d 1490, 1496 (11th Cir. 1986), cert. denied, 480 U.S. 417 (1987).  Therefore, it is Plaintiff's intent to address thoroughly any legal issues which could give rise to a Fed. R. Civ. P. 60(b)(4) or (6) challenge to the eventual execution of a default judgment against Defendants.

**B.    THE CURRENTLY SCHEDULED STATUS CONFERENCE SHOULD BE USED TO DISCUSS THE PROTOCOLS FOR THE EX PARTE PROOF OF FACTS SUBSEQUENT TO THE RESOLUTION OF DISPOSITIVE ISSUES OF LAW.**

The Court must first determine that it has subject matter jurisdiction, Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148 (D.C. Cir. 1994), cert. denied 513 U.S. 1150, 115 S. Ct. 1101 (1995), and other dispositive issues of law. Subsequently, the Court may then turn to the proof of facts necessary to obtain a default judgment.  This notwithstanding, Plaintiff believes that it would be appropriate to discuss the protocols for the ex parte proof of facts at the status conference currently scheduled for October 10, 2007.

**IV. IN ORDER TO PROVIDE DEFENDANTS EVERY OPPORTUNITY TO PARTICIPATE IN THIS ACTION, THE COURT SHOULD NOTICE THEM OF THE ENTRY OF DEFAULT, THE STATUS CONFERENCE, AND THE BRIEFING SCHEDULE.**

The Islamic Republic of Iran is no stranger to litigation in the United States: indeed, it has proven to be a sophisticated litigant in both commercial and personal injury actions brought against it under the FSIA. See, e.g., Foremost-McKesson v. Islamic Republic of Iran, 905 F.2d 438 (1990); McKeel v. Islamic Republic of Iran, 722 F.2d 582 (1983); Persinger v. Islamic Republic of Iran, 729 F.2d 735 (1984); Cicippio v. Islamic Republic of Iran, 30 F.3d 164 (D.C. Cir. 1994). Although the Islamic Republic of Iran has succeeded in dismissing claims by U.S. citizens, most notably Persinger and Cicippio, for official conduct in violation of international law which resulted in personal injury and/or death, these cases preceded the two 1996 amendments to the FSIA under which this claim is brought. Nevertheless, Plaintiff would suggest to the Court that it take the additional step of noticing Defendants of the Court's Order entering default in order to drench the Defendants in due process, rather than risk a collateral attack on a default judgment when a case has been made out as required by the FSIA. 28 U.S.C. §1608(e). Plaintiff further suggests that the Court direct the Clerk of Court to cause the Order to be translated into Farsi and delivered to the Department of State for service by diplomatic process. Plaintiff will bear all reasonable costs of translation.

Date: __10/09/07_____          Respectfully submitted,

                                                            ___/s/_____
                                                            Barry L. Leibowitz, Esquire
Bar No. 158949
Leibowitz, Band & Jezic, LLC
2730 University Boulevard West
Suite 910
Wheaton, MD 20902
(301) 942-8378

Attorney for Plaintiffs

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| CARLOS ACOSTA, et. al. : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 1:06CV00745 |
| : | Judge Royce C. Lamberth |
| THE ISLAMIC REPUBLIC OF IRAN, : | |
| et al. : | |
| : | |
| Defendants. : | |

**ORDER**

Upon consideration of Plaintiff's Motion for Entry of Default and Related Matters, and the Memorandum of Support thereof, it is hereby

**ORDERED** that the default of Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security be entered; it is further

**ORDERED** that pursuant to 28 U.S.C. §1608(e), Plaintiff shall file an ex parte brief on dispositive issues by _____; and it is further

**ORDERED** that the Clerk of Court cause a copy of this Order to be translated into Farsi at the Plaintiff's expense and transmitted to the Department of State for diplomatic service upon Defendants.

_____            _____

Date                                U.S. District Court Judge