```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

CARLOS ACOSTA, et. al.            :
                                  :
Plaintiffs,                       :
                                  :
     v.                           :    Civil Action 1:06CV00745
                                  :    Judge Royce C. Lamberth
THE ISLAMIC REPUBLIC OF IRAN,     :
et al.                            :
                                  :
Defendants.                       :
```

**AFFIDAVIT IN SUPPORT OF DEFAULT**

I hereby certify under penalty of perjury, this 11th day of October, 2007, that I am the attorney of record for the Plaintiffs in the above-entitled case; that Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security (MOIS) were properly served on April 22, 2007 in accordance with 28 U.S.C. §1608(a)(4) through diplomatic channels. See attached letter from United States Department of State dated June 18, 2007.

I further certify under penalty of perjury that no appearance has been entered by said Defendants in this case; no pleading has been filed and none served upon the attorney for the Plaintiffs; that Defendants are neither an infant nor an incompetent person.

The Clerk is requested to enter a Default against said Defendants.

Date: _10/11/07_____          Respectfully submitted,

                                  ____/s/_____
                                  Barry L. Leibowitz, Esquire
                                  Bar No. 158949
                                  Leibowitz, Band & Jezic, LLC
                                  2730 University Boulevard West
                                  Suite 910
                                  Wheaton, MD 20902
                                  (301) 942-8378

                                  Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLOS ACOSTA, et. al. :
:
Plaintiffs, :
:
    v. : Civil Action 1:06CV00745
: Judge Royce C. Lamberth
THE ISLAMIC REPUBLIC OF IRAN, :
et. al. :
:
Defendants. :

## MEMORANDUM IN SUPPORT OF AFFIDAVIT OF DEFAULT

    The current facts of this case render an entry of default appropriate because service of process has been made to Defendants, more than 60 days have elapsed, and Defendants have not entered an appearance or filed pleadings.  This case is an action for wrongful death and related causes of action arising from an act of terrorism for which Defendants are alleged to be responsible jointly and severally.  The Foreign Sovereign Immunities Act of 1976, as amended, 28 U.S.C. §§ 1602-1611 et seq., controls jurisdiction over Defendants as well as certain procedural and quasi-procedural matters.  See Argentine Republic v. Amerda Hess Shipping Corp. 488 U.S. 428 (1989). Included in these procedures are requirements for service of process, time for Defendants to respond, entry of default judgments, and execution of judgments.

**I.  SERVICE OF PROCESS IN ACCORDANCE WITH 28 U.S.C. §1608(A) HAS BEEN EFFECTUATED.**

    In February 2007, the Department of State determined that the statutory prerequisites to service of process in accordance with 28 U.S.C. §1608(a)(4) had been satisfied and initiated service of process

upon both Defendants through diplomatic channels.  The Department of State has informed counsel for Plaintiff that the Swiss Government, which in the absence of diplomatic relations represents U.S. interests in the Islamic Republic of Iran, effectuated service of process on April 22, 2007.  See attached letter from United States Department of State dated June 18, 2007.

**II.    ENTRY OF DEFAULT IS PROPER AS MORE THAN 60 DAYS HAVE ELAPSED SINCE SERVICE OF PROCESS IN ACCORDANCE WITH 28 U.S.C. §1608(A)(4) WAS EFFECTUATED.**

Under the FSIA, "a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section." 28 U.S.C. §1608(d).  More than sixty days have now elapsed since the Swiss Embassy, acting as the Protecting Power at the request of the United States Department of State, transmitted the Complaint, Summons, Notice of Suit, and related documents to the Foreign Ministry of the Islamic Republic of Iran on April 22, 2007. Defendants have not served responsive pleadings, have not entered an appearance, nor have they communicated with counsel for Plaintiff.

As one or more of the Defendants have actual knowledge that a legal proceeding is pending against them and have, jointly or severally, engaged in contumacious conduct regarding service of process, entry of default against the Defendants is appropriate under FSIA §1608(d) and Fed. R. Civ. P. 55(a).

**III. UNDER THE FSIA, PLAINTIFF MUST STILL MAKE OUT HIS CASE AGAINST DEFENDANTS BEFORE THE JUDGMENT MAY BE ENTERED.**

The entry of default against a foreign state Defendant does not automatically entitle the Plaintiff to a judgment by default. The FSIA provides that "[n]o judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. §1608(e). As with other sections of the FSIA, this provision parallels the treatment afforded to the Government of the United States under the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 55(e).

First, Plaintiff must establish that the Court has jurisdiction over the action. Once the Court's jurisdiction has been established, the proceedings turn to evidence demonstrating Defendant's liability and Plaintiff's quantum of damages. The Court is not required to weigh conflicting evidence; so long as the evidence presented by Plaintiff is satisfactory to the Court as to each element of the claim, the Court may enter a default judgment upon that evidence alone. Compania Inter-Americana Expert-Import S.A. v. Compania Dominicana de Avacion, 88 F.3d 948 (11th Cir. 1996).

Foreign states have demonstrated an inclination to challenge default judgments when Plaintiff seeks execution of the judgment. See Sales v. Republic of Urgana, 828 F. Supp. 1032 (S.D.N.Y. 1993) (remarking on similar behavior as in Foxworth v. Permantent Mission of the Republic of Uganda to the United Nations, 796 F. Supp. 761, 762 (S.D.N.Y. 1992) where "[e]vidently, the attachment of its bank account

convinced defendant that plaintiff's claim and the proceedings before this Court warranted its attention." Federal Rule of Civil Procedure 60(b) provides for relief from a judgment, inter alia when it is void or when there is evidence of extraordinary circumstances, extreme hardship, or injustice.  Fed. R. Civ. P. 60(b)(4), (6).

Default judgments against foreign state Defendants are most often challenged as a void for lack of subject matter jurisdiction pursuant to the Foreign Sovereign Immunities Act, although some Court have considered circumstances such as unfamiliarity with litigation in the United States, or a "claimed belief in immunity." See, respectively, Meadows v. Dominican Republic, 817 F.2d 1490, 1496 (11th Cir. 1986), cert. denied, 480 U.S. 417 (1987).  Therefore, it is Plaintiff's intent to address thoroughly any legal issues which could give rise to a Fed. R. Civ. P. 60(b)(4) or (6) challenge to the eventual execution of a default judgment against Defendants.

**IV. IN ORDER TO PROVIDE DEFENDANTS EVERY OPPORTUNITY TO PARTICIPATE IN THIS ACTION, THE COURT SHOULD NOTICE THEM OF THE ENTRY OF DEFAULT AND THE BRIEFING SCHEDULE.**

The Islamic Republic of Iran is no stranger to litigation in the United States: indeed, it has proven to be a sophisticated litigant in both commercial and personal injury actions brought against it under the FSIA. See, e.g., Foremost-McKesson v. Islamic Republic of Iran, 905 F.2d 438 (1990); McKeel v. Islamic Republic of Iran, 722 F.2d 582 (1983); Persinger v. Islamic Republic of Iran, 729 F.2d 735 (1984); Cicippio v. Islamic Republic of Iran, 30 F.3d 164 (D.C. Cir. 1994). Although the Islamic Republic of Iran has succeeded in dismissing claims by U.S. citizens, most notably Persinger and Cicippio, for

official conduct in violation of international law which resulted in personal injury and/or death, these cases preceded the two 1996 amendments to the FSIA under which this claim is brought. Nevertheless, Plaintiff would suggest to the Court that it take the additional step of noticing Defendants of the Court's Order entering default in order to drench the Defendants in due process, rather than risk a collateral attack on a default judgment when a case has been made out as required by the FSIA. 28 U.S.C. §1608(e). Plaintiff further suggests that the Court direct the Clerk of Court to cause the Order to be translated into Farsi and delivered to the Department of State for service by diplomatic process. Plaintiff will bear all reasonable costs of translation.


Date: __10/11/07_____          Respectfully submitted,

                                      ___/s/_____
                                      Barry L. Leibowitz, Esquire
                                      Bar No. 158949
                                      Leibowitz, Band & Jezic, LLC
                                      2730 University Boulevard West
                                      Suite 910
                                      Wheaton, MD 20902
                                      (301) 942-8378

                                      Attorney for Plaintiffs

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| CARLOS ACOSTA, et. al. : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action 1:06CV00745 |
| : | Judge Royce C. Lamberth |
| THE ISLAMIC REPUBLIC OF IRAN, : | |
| et al. : | |
| : | |
| Defendants. : | |

### ORDER OF DEFAULT

Upon consideration of Plaintiff's Affidavit of Default and Memorandum of Support thereof, it is hereby

**ORDERED** that the default of Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security be entered; it is further

**ORDERED** that pursuant to 28 U.S.C. §1608(e), Plaintiff shall file an ex parte brief on dispositive issues by _____; and it is further

**ORDERED** that the Clerk of Court cause a copy of this Order to be translated into Farsi at the Plaintiff's expense and transmitted to the Department of State for diplomatic service upon Defendants.

_____                      _____

Date                                      U.S. District Court Judge