UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLOS ACOSTA, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action 1:06CV00745 |
| | : | Judge Royce C. Lamberth |
| THE ISLAMIC REPUBLIC OF IRAN, | : | |
| et al. | : | |
| | : | |
| Defendants. | : | |

PLAINTIFFS' *EX PARTE* APPLICATION FOR SCHEDULING ORDER AND
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND SUPPLEMENT THE RECORD

COME NOW, Plaintiffs, Carlos Acosta, et al., by and through counsel Barry L.

Leibowitz of Leibowitz, Band & Jezic, LLC, and hereby move the Court to enter an *ex parte*

scheduling order indicating a time for the Plaintiffs to file an Amended Complaint, supplement

the record and submit revised findings of fact and conclusions of law consistent with 28 U.S.C.

§1605A, which amended and replaced 28 U.S.C. §1605(a)(7).  Title 28 §1605(a)(7) was

amended and replaced by 28 U.S.C. §1605A on January 28, 2008, through the *National Defense*

*Authorization Act for Fiscal Year 2008*, H.R. 4986, 110th Congress, PL 110-181 §1083(b)(1).

All actions formerly brought under §1605(a)(7) within the specified time limit are maintained

under §1605A.  28 U.S.C. §1605A(b) (2008).

The following is stated in support of this motion:

1. The above captioned matter, Carlos Acosta et al. v. Republic of Iran et al.  Civil Action
   No. 1:06CV00745 was presently pending before this Court without an answer by Iran or
   a decision by the Court when 28 U.S.C. §1605A became new law.

2. Title 28 U.S.C. §1605A among other things, modifies existing case law by creating a
   statutory right to an award of punitive damages. See 28 U.S.C. §1605A(c).

3.   The original complaint in this matter did not seek punitive damages against Iran [1].

4.   The original complaint did seek punitive damages against MOIS.  MOIS is and always

has been part of the government of Iran.

5.   The original complaint and summons in this matter were served properly in conformance

with 28 U.S.C. §1608 on April 22, 2007.  Defendants failed to respond and the clerk of

this Court entered default against both Defendants on October 15, 2007, pursuant to

§1608(e) and Fed. R. Civ. P. 55(a).

6.   No service is required on a party who is in default for failing to appear. Fed. R. Civ. P.

5(a)(2).  Neither the amended damages clause nor the scheduling order creates a new

claim for relief effecting service procedures under §1608 (by implication of Fed. R. Civ.

P. 4(j)(1)).  Therefore, service of the un-translated pleadings by mail or private carrier

provides ample and sufficient notice to Defendants.

7.   No prior amendments have been made to the original complaint.

8.   Plaintiffs are allowed to file an amended complaint to conform with new law, namely the

passage of 28 U.S.C. §1605A.

9.   A long list of punitive damages cases against Iran has not done anything to stop the

terrible acts that it is committing.  The following cases are but a few of this Court and

other plaintiffs' efforts to stop what Iran is doing for the past 20-30 years. Flatow v.

Islamic Republic of Iran, 999 F.Supp. 1 (D.D.C. 1998); Anderson v. Islamic Republic of

---

[1] Plaintiffs did not seek punitive damages against Iran itself pursuant to the law at the time which did not allow punitive damages against a foreign state.  See 28 U.S.C. §1606 (protecting a foreign state from punitive damages); Cicippio-Puleo v. Islamic Republic of Iran, 18 F.Supp.2d 62 (D.D.C. 1998) (awarding only compensatory damages); compare Rafii v. Islamic Republic of Iran, Civ. No. 01-850(CKK), at 23-29 (D.D.C. Dec. 2, 2002) (awarding punitive damages against MOIS) with Roeder v. Islamic Republic of Iran, 333 F.3d 228 (D.C. Cir. 2003) (denying punitive damages against MOIS considering it the foreign state itself).

Iran, 90 F.Supp.2d 107 (D.D.C. 2000); Elahi v. Islamic Republic of Iran, 124 F.Supp.2d 97, (D.D.C. 2000); Eisenfeld v. Islamic Republic of Iran, No. 98-1945, 2000 U.S. Dist. LEXIS 9545 (D.D.C. July 11, 2000); Higgins v. Islamic Republic of Iran, No. 1:99cv00377, order (D.D.C. Sept.21, 2000); Sutherland v. Islamic Republic of Iran, 151 F. Supp.2d 27 (D.D.C. 2001); Jenco v. Islamic Republic of Iran, 154 F.Supp 27 (D.D.C. 2001); Bayani v. Islamic Republic of Iran, Civ. Action No. 04-01712 (HHK) (D.D.C. Dec. 28, 2007).

10. The response of Congress to the continued provision of material support to terrorists by Iran is found in 28 U.S. C. §1605A(c) which specifically provides for an award of punitive damages against a foreign state and that said foreign state shall be "vicariously liable for the acts of its officials, employees, or agents." Id.

11. Plaintiffs suggest that they can file their Amended Complaint within 10 days of the entry of an ex parte scheduling order, supplement the record within 30 days and file Supplemental Proposed Findings of Fact and Conclusion of Law within 40 days.

WHEREFORE, Plaintiffs pray that the Motion be granted and that an *ex parte* Scheduling Order be entered setting out a time for the Plaintiffs to file an amended complaint, for supplementing the record, and for the submission of Supplemental Proposed Findings of Fact and Conclusions of Law addressing 28 U.S.C. 1605A and punitive damages.

Date: 02/27/08

Respectfully submitted,
____/s/_____
Barry L. Leibowitz, Esquire
Bar No. 158949
Leibowitz, Band & Jezic, LLC
2730 University Boulevard West, Suite 910
Wheaton, MD 20902

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLOS ACOSTA, et al.                           :
                                                :
    Plaintiffs,                                 :
                                                :
    v.                                          :        Civil Action 1:06CV00745
                                                :        Judge Royce C. Lamberth
THE ISLAMIC REPUBLIC OF IRAN,                   :
    et al.                                      :
                                                :
    Defendants.                                 :

## ORDER

Upon the Motion of Plaintiffs, it is, by the Court, this _____ day of _____, 2008

 ORDERED, that the Plaintiffs be and hereby are permitted to file an amended complaint

in light of new changes in the law; it is further

 ORDERED, that the Plaintiffs be and hereby are permitted to supplement the record with

additional testimony regarding the issue of punitive damages in accordance with additional

pleadings; it is further

 ORDERED, that the Plaintiffs be and hereby are permitted to submit supplemental

Proposed Findings of Fact and Conclusions of Law regarding the issue of punitive damages; it is

further

 ORDERED, that such filings shall be made in accordance with the attached *ex parte*

scheduling order; and it is further

 ORDERED, that the Plaintiffs shall notify the Defendants of the amended complaint and

scheduling order by delivery through mail or private carrier.

_____
Honorable Judge Royce Lamberth

Copies to:

Barry L. Leibowitz, Esquire
LEIBOWITZ, BAND & JEZIC
2730 University Boulevard West,
Suite 910
Wheaton, MD 20902