UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MARIA ACOSTA**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **ISLAMIC REPUBLIC OF IRAN**, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 1:06-cv-00745-RCL <br> ) <br> ) <br> ) <br> ) <br> ) |

**UNOPPOSED MOTION ON BEHALF OF
OFFICE OF FOREIGN ASSETS CONTROL FOR
PROTECTIVE ORDER AUTHORIZING DISCLOSURE
OF INFORMATION SUBJECT TO THE TRADE SECRETS ACT**

The U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC"), a non-party respondent to a subpoena issued by plaintiffs in the above-captioned matter under Rule 45 of the Federal Rules of Civil Procedure, hereby moves for entry of a protective order authorizing the disclosure of certain information responsive to that subpoena. Counsel for plaintiffs has confirmed that plaintiffs agree to entry of the proposed protective order on unopposed motion.

**INTRODUCTION**

Plaintiffs hold a judgment in this matter against defendants dated August 26, 2008. ECF No. 34. Plaintiffs have asked OFAC by subpoena dated September 5, 2018, to produce the following:

> From April 1, 2011 to the present, a list of all persons or entities holding assets that are blocked due to a nexus with the Government of Iran, or its agencies or instrumentalities, and the amount held by each person or entity, rounded to the nearest $100,000.

Ex. A hereto at 7.

OFAC has agreed to provide plaintiffs with certain information responsive to the subpoena and has no objection to the use of that information in judgment-collection efforts in relation to the above-captioned action, subject to a protective order from this Court.  Without a protective order, the release of this information might violate the Trade Secrets Act ("TSA"), 18 U.S.C. § 1905, which imposes criminal penalties for the disclosure of information falling within its terms without appropriate authorization of law.[1]  Thus, while OFAC does not waive any right, privilege, or immunity to which it may be entitled with respect to any further response, it respectfully requests that, in light of the prohibitions of the TSA, the Court authorize its disclosure of information responsive to plaintiffs' subpoena via the proposed protective order submitted herewith.[2]

## ARGUMENT

**AUTHORIZATION OF LAW IS REQUIRED BEFORE DISCLOSURE MAY BE MADE OF INFORMATION PROTECTED BY THE TRADE SECRETS ACT.**

Information responsive to plaintiffs' subpoena may be subject to the restrictions on disclosure set forth in the TSA, a criminal statute.  The TSA bars unauthorized release by a

---

[1] OFAC takes no position as to whether any of the assets that may be identified as a result of its disclosure may ultimately be available for attachment.  Nor does OFAC intend to waive or compromise in any way the United States' ability to state its views in future litigation as to the attachability of these assets.

[2] As noted in the proposed protective order, the Court's entry of that order will resolve only the question of whether disclosure is authorized under the TSA.  It does not constitute a determination as to any other privilege or immunity OFAC or any other person may have as to any information potentially responsive to plaintiffs' subpoena or any other objection OFAC or any other person may have to plaintiffs' subpoena.

federal employee or officer of certain types of information received by the government. Specifically, the statute provides:

> **§ 1905. Disclosure of confidential information generally.**
>
> Whoever, being an officer or employee of the United States or of any department or agency thereof, . . . publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment.

18 U.S.C. § 1905.

The TSA's scope has been described as "exceedingly broad" (even "oceanic"), and courts have held that it "encompasses virtually every category of business information likely to be [found] in the files" of an agency. *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 1140 (D.C. Cir. 1987); *see also id.* (concluding that the TSA "appears to cover practically any commercial or financial data collected by any federal employee from any source in performance of the duties of his or her employment," and that the "comprehensive catalogue of items in the [TSA] accomplishes essentially the same thing as if it had simply referred to 'all officially collected commercial information' or 'all business and financial data received'" (internal citation omitted)).

Under the TSA, disclosure of information within its scope must be "authorized by law," or the disclosing employee "shall be fined under this title, or imprisoned not more than one year, or both; and shall be removed from office or employment." 18 U.S.C. § 1905. A Rule 45

subpoena, which may be issued at the discretion of any civil litigant, does not constitute the necessary "authoriz[ation] by law." *Cf. Doe v. DiGenova*, 779 F.2d 74, 84-85 (D.C. Cir. 1985) (construing similar language in Privacy Act); *In re Valencia Condensed Milk Co.*, 240 F. 310, 314 (7th Cir. 1917) (construing predecessor to TSA). However, a "lawfully issued judicial order" satisfies the authorization requirement for disclosure of TSA material. *Cf. United States v. Liebert*, 519 F. 2d 542, 546 (3d Cir. 1975).

Plaintiffs have issued previous subpoenas to OFAC seeking discovery in aid of their post-judgment execution. Protective orders similar to the one for which OFAC now moves have been entered for those subpoenas. ECF No. 42 (entering protective order on Mar. 3, 2009); ECF No. 48 (entering protective order on Apr. 9, 2010); ECF No. 50 (entering protective order on May 13, 2011). Similar protective orders have been entered in other cases in which information relating to blocked assets likewise has been sought from OFAC. *E.g., Baker v. Great Socialist People's Libyan Arab Jamahiriya*, No. 1:03-cv-00749-GMH (D.D.C.), ECF No. 148 (entering protective order on Feb. 20, 2018); *Doe v. Ejercito de Liberacion Nacional*, No. 1:10-cv-21517-PCH (S.D. Fla.), ECF No. 229 (entering protective order on Aug. 31, 2017); *Bakhtiar v. Islamic Rep. of Iran*, No. 1:02-cv-00092-HHK (D.D.C.), ECF No. 98 (entering protective order on June 27, 2014); *Peterson v. Islamic Rep. of Iran,* No. 1:01-cv-2094-RCL (D.D.C.), ECF No. 481 (entering protective order on Jan. 8, 2013); *Villoldo v. Rep. of Cuba*, No. 1:10-cv-20210-FAM (S.D. Fla.) (entering protective order on Mar. 31, 2010). The protective order for which OFAC now moves should therefore be entered.

## CONCLUSION

For the reasons set forth herein, OFAC requests that this Court enter the proposed protective order, lodged concurrently with this motion, authorizing OFAC to disclose certain information in response to plaintiffs' subpoena.

                                Respectfully Submitted,

                                JOSEPH H. HUNT
                                Assistant Attorney General

                                JACQUELINE COLEMAN SNEAD
                                Assistant Branch Director

                                s/ *David M. Glass*
                                DAVID M. GLASS, DC Bar 544549
                                Senior Trial Counsel
                                Department of Justice, Civil Division
                                1100 L Street, N.W., Room 12020
                                Washington, D.C.  20530
                                Tel: (202) 514-4469/Fax: (202) 616-8460
                                Email: david.glass@usdoj.gov
Dated: October 5, 2018             Attorneys for OFAC

## CERTIFICATE OF SERVICE

     I hereby certify that I served the within motion, the exhibit to the motion, and the proposed order on all counsel of record by filing them with the Court by means of its ECF system on October 5, 2018.

                                                                    s/ *David M. Glass*