*Acosta v. Islamic Rep. of Iran*
No. 1:06-cv-00745-RCL

Unopposed Motion on Behalf of Office of Foreign Assets Control for Protective Order Authorizing Disclosure of Information Subject to the Trade Secrets Act

Ex. A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**
---------------------------------------------------------------x
MARIA ACOSTA, *et al.*,

        Plaintiffs,

        v.                                           Case No. 06-cv-00745 (RCL)

ISLAMIC REPUBLIC OF IRAN, *et al.*,

        Defendants.
---------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO 31 C.F.R. § 1.11

Pursuant to 31 C.F.R. § 1.11, the undersigned states the following:

1. I am over eighteen years of age, competent to testify to the facts and matters set forth herein, and am not a party to this action.

2. I am an attorney for the plaintiffs in the above-captioned action (the "Acosta Plaintiffs").

3. On September 5, 2018, the Acosta Plaintiffs served a subpoena in connection with the above-captioned actions (the "Subpoena") on the Office of Foreign Assets Control ("OFAC"), 1500 Pennsylvania Avenue, NW, Washington, D.C. 20220. A true and correct copy of the Subpoena is attached hereto as Exhibit A. The Subpoena requests that OFAC produce information to the Acosta Plaintiffs, as more fully set forth therein.

4. I submit this affidavit in compliance with 31 C.F.R. § 1.11(d)(3)(i), in order to obtain a decision from OFAC as to whether the production of information pursuant to the Subpoena will be authorized.

5. On August 26, 2008, the U.S. District Court for the District of Columbia entered a Default Judgment against the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS"), jointly and severally, and in favor of the Acosta Plaintiffs, awarding compensatory damages totaling $50,172,000.00 and punitive damages totaling $300,000,000.00 (the "Judgment"). A true and correct copy of the Judgment is attached hereto as Exhibit B.

6. The Acosta Plaintiffs seek from OFAC the information described in the Subpoena in order to assist them in satisfying the Judgment.

7. The Acosta Plaintiffs served the Subpoena on OFAC because other evidence reasonably suited to the Acosta Plaintiffs' needs is not available from any other source. The information requested is (a) relevant and material to the Acosta Plaintiffs' efforts to enforce the Judgment, (b) genuinely necessary to assist in the Acosta Plaintiffs' enforcement efforts, (c) unavailable from other sources, (d) reasonable in its scope, and (e) not unduly burdensome.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 5, 2018

_____
JAMES L. BERNARD

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| MARIA ACOSTA, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 06-745 (RCL) |
| ISLAMIC REPUBLIC OF IRAN, et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: OFFICE OF FOREIGN ASSETS CONTROL
c/o Office of the General Counsel, Dept of the Treasury
1500 Pennsylvania Ave., NW.
Washington, D.C. 20220

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All information listed on the attached Exhibit A.

| Place: STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane, New York, NY 10038 | Date and Time:<br>10/05/2018 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/05/2018

*CLERK OF COURT*

OR  /s/ Bernard / PT

_____  _____
*Signature of Clerk or Deputy Clerk*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
MARIA ACOSTA, et al. _____, who issues or requests this subpoena, are:
James L. Bernard, Esq., Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, NY 10038

jbernard@stroock.com **Notice to the person who issues or requests this subpoena** 212-806-5400
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 06-745 (RCL)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                        *Server's signature*

                        _____
                        *Printed name and title*

                        _____
                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

From April 1, 2011 to the present, a list of all persons or entities holding assets that are blocked due to a nexus with the Government of Iran, or its agencies or instrumentalities, and the amount held by each person or entity, rounded to the nearest $100,000.

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS ACOSTA, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE ISLAMIC REPUBLIC )<br>OF IRAN, *et al.*, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 06-745 (RCL) |

## ORDER AND JUDGMENT

In accord with the Findings of Fact and Conclusions of Law issued this date, it is hereby

ORDERED that Default Judgment be entered in favor of plaintiffs and against defendants, jointly and severally, in the amount of $50,172,000, of which, $4,107,000 shall be allocated to Carlos Acosta; $3,000,000 shall be allocated to Maria Acosta; $4,065,000 shall be allocated to Irving Franklin; $3,500,000 shall be allocated to the Estate of Irma Franklin; $8,000,000 shall be allocated to Libby Kahane; $5,000,000 shall be allocated to the Estate of Sonya Kahane; $5,000,000 shall be allocated to Cipporah Kaplan, Tova Ettinger, Baruch Kahane, and Ethel Griffin as Administrator of Binyamin Kahane's estate, each; and $2,500,000 shall be allocated to Rabbi Norman Kahane. It is further

ORDERED that Default Judgment be, and hereby is, entered in favor of plaintiffs and against defendants Iran and MOIS, jointly and severally, in the amount of $300,000,000.00. It is further

ORDERED that if any recovery is made, compensatory damages should be apportioned

upon receipt. After compensatory damages are satisfied, any subsequent recovery of punitive damages should be apportioned to plaintiffs according to the percentage of compensatory damages <u>awarded</u> to each plaintiff. It is further

ORDERED that the claims brought by Libby Kahane as personal representative of the Estate of Rabbi Meir Kahane are hereby DISMISSED WITH PREJUDICE. It is further

ORDERED that plaintiffs, at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Judgment and the Findings of Fact and Conclusions of Law issued this date to defendants. It is further

ORDERED that this case be terminated from the active dockets of this Court.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, August 26, 2008.